United States District Court
Southern District of Texas
**ENTERED**
February 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
|   Plaintiff/Respondent, § | |
| § | |
| v. § | **CRIMINAL NO. 6:16-66-2** |
| § | **CIVIL NO. 6:18-79** |
| **GERONIMO ISRAEL HERNANDEZ-** § | |
| **VALDEZ,** § | |
|   Defendant/Movant. § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Geronimo Israel Hernandez-Valdez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 130).[1] Pending before the Court is the United States of America's (the "Government") Motion to Dismiss (D.E. 137), wherein the Government moves the Court to dismiss the motion as untimely and substantively meritless. Movant has responded. D.E. 138.

## I. BACKGROUND

On January 3, 2017, Movant pled guilty to conspiracy to transport undocumented aliens. The Court thereafter ordered the Probation Office to prepare a Presentence Investigation Report (PSR). Movant's base offense level was 12. Nine levels were added because the offense involved the smuggling, transporting, or harboring of more than 100 aliens; two levels were added because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person; and three levels were added because Movant was a manager or supervisor and the conspiracy involved five or more participants. After credit for acceptance of responsibility, his offense level was 23. With a criminal history category of V, his advisory guideline range was 84–105 months. The Court adopted the PSR without change,

---

[1]. Docket entry references (D.E.) are to the criminal case.

1

granted a downward variance, and sentenced Movant to 72 months' imprisonment on May 2, 2017. Judgment was entered May 15, 2017. Movant did not appeal.

On August 7, 2017, the Court received a letter from Movant requesting a copy of his docket sheet. D.E. 107. The Clerk sent Movant a copy of his docket sheet the same day.

On April 9, 2018, the Court received a letter from Movant addressed to the Court Reporter requesting that the Court Reporter send him "the estimated cost" of his rearraignment and sentencing hearing transcripts, as well as "an estimate of the time it would take for you to transcribe these documents upon receiving payment." D.E. 118. The Clerk responded with information on how to order transcripts, including the name and contact information of the Court Reporter for each hearing. D.E. 118-1. The Clerk also attached Transcript Order Forms (AO-435) for Movant's use. *Id.*

On April 23, 2018, the Court received a letter from Movant addressed to the Clerk of Courts requesting certified copies of his Indictment, Judgment, Memorandum of Plea Agreement, and "any other documents associated with the plea agreement." D.E. 119. Enclosed as payment was a check for $15.00. *Id.* Movant also asked that the Clerk forward his letter to the Court Reporter and provide him with the estimated cost of his rearraignment and sentencing transcripts. *Id.* The Clerk responded via letter dated April 25, 2018, informing Movant that she could not accept his check because it was incorrectly made payable to "Court Clerk c/o Three Rivers FCI" instead of "U.S. District Court." D.E. 119-1, p. 1. The Clerk further informed Movant that the total cost for certified copies of his Indictment, Memorandum of Plea Agreement, and Judgment would be $34.30; however, regular copies would cost $1.30. *Id.* The Clerk stated that she was unable to determine what, if any, of the documents in his case were "associated with the plea agreement." *Id.* at 2. Finally, the Clerk again enclosed Transcript Order

Forms for Movant to complete and send to the Court Reporter for each hearing, explaining that she was unable to forward his request. *Id.*

On May 24, 2018, completed Transcript Order Forms were filed, wherein Movant requested his rearraignment and sentencing transcripts. D.E. 123, 124. In each case, Movant requested the "Ordinary" (30-day) turnaround time. *Id.*

On July 16, 2018, the Clerk received a letter from Movant requesting the following documents from his case: Indictment, Notice of Related Cases, 12/05/2016 Order Following Conference, 12/5/2016 Order to Continue, Memorandum of Plea Agreement, 4/3/2017 Order Granting Continuance, Motion for Writ of Habeas Corpus ad Prosequendum for Hilario Pina, and Judgment. D.E. 127. His letter included payment in full. *Id.* The requested copies were mailed to Movant.

On September 8, 2018, Movant filed his current motion under 28 U.S.C. § 2255.

## II. MOVANT'S ALLEGATIONS

Movant's motion raises a single ground for relief: counsel was ineffective for failing to object to the number of undocumented aliens that were attributed to Movant in the PSR, which resulted in a 9-level enhancement and subjected Movant to a higher Guideline range.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of

3

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). Judgment was entered May 15, 2017. Movant's conviction therefore became final on May 29, 2017. Movant did not file his § 2255 motion until September 28, 2018, four months after the statute of limitations expired on May 29, 2018.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant argues that he is entitled to equitable tolling because he "submitted requests to the Court reporter to receive documents and said requests were delayed and returned to him on several occasions and over several months." D.E. 138, pp. 2–3. Movant claims this constitutes a "rare and extraordinary circumstance" because the "transcripts requested were conditions precedent" to filing his 2255 motion, as he could not have been expected to file his motion from memory and he needed to review certain documents in his case "to determine whether any mistake was made." *Id*.

"First, delay in receiving documents from the Court, in response to a letter request for such, has never been held, by itself, to warrant equitable tolling." *United States v. Talbot*, 2018 WL 4574874, at *3 (S.D. Tex. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 4567172 (S.D. Tex. Sept. 24, 2018), (citing *Cates v. United States*, 2014 WL 3404963, at *4 (N.D. Tex. July 11, 2014) ("Generally, an inability to obtain the trial transcript or the untimely receipt of the transcripts is not an exceptional circumstance that warrants equitable tolling."); *Branch v. United States*, 2013 WL 6728006, at *2 (N.D. Tex. Dec. 20, 2013) (rejecting movant's arguments for equitable tolling based on delays and/or inability to obtain "copies of the criminal docket sheet, plea agreement, factual resume, and sentencing transcript," where movant had not shown that any of the requested "documents were necessary to the filing of a timely Section 2255 motion."); *United States v. Arrellano-Lopez*, 2007 WL 4367810, at *2 (S.D. Tex. Dec. 13, 2007) (A movant is not "precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.")).

Moreover, the record shows that any delay in receiving documents was not caused by the Court, but was instead due to Movant's failure to properly request and/or pay for documents. As set forth in Part I, *supra*, Movant did not attempt to locate his rearraignment and sentencing transcripts until around six weeks before the deadline to file a motion under § 2255. Even then, he did not request the transcripts, but only inquired about the cost. Instead of following the Clerk's instructions and sending the completed Transcript Order Forms to the appropriate Court Reporters, he sent a letter to the Clerk two weeks later asking her to forward his letter to them. One month later—and five days before the statute of limitations expired—Movant finally filed the completed Transcript Order Forms requesting his rearraignment and sentencing transcripts. However, despite the impending deadline to file his § 2255 motion, Movant did not request expedited transcripts, but instead requested the ordinary, 30-day turnaround. He similarly did not request copies of his Indictment, Plea Agreement, or Judgment until around one month before the limitations period expired, and he did not send proper payment for these documents until almost three months later.

Movant has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds that Movant's motion is untimely. Thus, the Court need not consider the Government's additional argument that the motion is substantively meritless.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 137) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 130) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 20th day of February, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE